# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Santoki LLC,** | **Case No.** |
| Plaintiff, | |
| v. | **Hon.** |
| **Zulily LLC,** | |
| Defendant. | |

# COMPLAINT

## I. PARTIES

1. Plaintiff Santoki LLC ("Santoki" or "Plaintiff"), is a Michigan limited liability corporation, operating out of Michigan from its primary place of business at 1100 N. Opdyke Road, Suite 200, Auburn Hills, Michigan 48326.

2. Upon information and belief, Zulily LLC ("Zulily" or "Defendant") is a limited liability company organized and existing under the laws of the State of Delaware, doing business nationwide, including in this judicial district with its principal address at 95 South Jackson Street, Seattle, Washington 98104.

## II. JURISDICTION AND VENUE

3. This Court has federal jurisdiction over this matter based on diversity of citizenship and the amount in controversy. Specifically, under 28 U.S.C. § 1332, this is a diversity of citizenship case as it involves citizens of different states, with the amount in controversy exceeding $75,000, exclusive of interest and costs.

4. Personal jurisdiction is proper in this district because Defendant does business in this District and the actions and omissions giving rise to the allegations occurred in the Eastern District of Michigan.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant does business in this District, the actions and omissions giving rise to the United States allegations occurred in the Eastern District of Michigan, and the Plaintiff resides in the Eastern District of Michigan.

### III. STATEMENT OF FACTS

6. Defendant contacted Santoki regarding its products.

7. After discussions and correspondence with Santoki, the Defendant agreed to buy certain products from Plaintiff.

8. Defendant knew they were engaging a Michigan corporation that operated out of Michigan and would handle the purchases from Michigan.

9. Defendant worked with one or more Michigan employees from Santoki via video conference(s), phone calls, and email.

10. Santoki's product selection comprises a unique and commercially valuable collection of LEGO licensed lifestyle products, including LED lights and stationery items. These products, cherished by LEGO fans worldwide, cater to a diverse age range and are of value on an individual and bulk commercial scale.

11. Santoki provided products to Defendant pursuant to purchase orders between the parties.

12. Defendant has never expressed any dissatisfaction or raised objections with respect to the availability and quality of Santoki's products as the parties conducted business beginning on April 16, 2020.

13. As of today, Santoki has not been paid on invoices totaling $69,732.14 for products provided to Defendant.

14. Further Defendant has improperly retained inventory of products valued at $6,090.30.

15. Santoki contacted Defendant numerous times regarding the outstanding balance as well as the inventory.

16. Defendant has refused to make payment for the goods.

17. Defendant has refused to return its inventory of Plaintiff's products.

### IV. COUNT I – BREACH OF CONTRACT

18. Santoki realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. Defendant entered into an agreement with Plaintiff to pay for goods received.

20. Santoki provided a unique and commercially valuable collection of products, issued invoices reflecting the amount due for these products, and repeatedly contacted Defendant regarding their failure to make payment.

21. Defendant has not rendered any payment for the products provided, thereby breaching the agreement between the parties.

22. Defendant has also failed to return the inventory of Plaintiff's products.

23. Santoki has suffered damages including the unpaid balance of $69,732.14, additional inventory value of $6,090.30, late fees, interest as well as costs and attorney fees associated with this suit resulting from Defendant's breach.

## V. COUNT II – QUANTUM MERUIT

24. Santoki realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

25. Defendant has received significant benefits from Santoki, including a range of LEGO licensed lifestyle products, which it has retained without compensation. The total value of the services and products provided by Santoki, including outstanding invoices and inventory, is at least $75,822.44.

26. It is inequitable for Defendant to retain these benefits without compensating Santoki for the value of the products provided.

27. Defendant is jointly and severally liable for the value of the benefits received.

## VI. COUNT III – UNJUST ENRICHMENT

28. Santoki realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. Defendant have benefited from the products provided by Santoki as detailed in the preceding paragraphs.

30. It is inequitable for Defendant to retain these benefits, including products and inventory, without compensating Santoki. The value of the benefit to Defendant is at least $75,822.44.

31. Defendant has been unjustly enriched by at least $75,822.44 through the receipt and use of Santoki's products without payment.

### VII. COUNT IV – CONVERSION OF PROPERTY UNDER MCL 600.2919a

32. Santoki realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

33. Santoki provided the Defendant with products.

34. The Defendant, despite having possession of these products, has refused to pay for them or return them.

35. By retaining possession of Santoki's products without payment and without authorization, the Defendant has exercised unauthorized control over Santoki's property.

36. This unauthorized control and retention of Santoki's property by the Defendant constitutes conversion.

37. As a result of the Defendant's actions, Santoki has suffered damages including the value of the products retained by the Defendant, and Plaintiff is entitled to three times that amount under MCL 600.2919(a) for statutory conversion.

## VIII.   DEMAND FOR RELIEF

WHEREFORE, Santoki demands the following relief:

A.   An award of $69,732.14 for unpaid invoices;

B.   An award of $18,270.90 for the converted inventory ($6,090.30 x 3) pursuant to MCL 600.2919(a);

C.   An award of one percent (1%) compounded interest in late fees for each month beyond the agreed upon 30 days for each unpaid invoice;

D.   Santoki's expenses, including reasonable attorney's fees and costs; and

E.   Such other, further, and additional relief as may be just and equitable on the proofs.

## IX.   JURY DEMAND

Santoki demands a trial by jury for all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  November 30, 2023

 /s/ Mark A. Cantor
Mark A. Cantor (P32661)
Muhammad Siwani (MI bar number pending)
150 W. Second Avenue
Suite 400N
Royal Oak, MI 48067
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  mcantor@brookskushman.com
             msiwani@brookskushman.com

*Attorneys for Plaintiff*

6