UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANTOKI LLC,

    Plaintiff,

v.                                                     Case No.: 2:23-cv-13035

ZULILY LLC,                                  Sean F. Cox
                                                         United States District Court Judge

    Defendant.

_____/

## ORDER
## DISMISSING CASE FOR LACK OF JURISDICTION

Plaintiff Santoki LLC filed this action against Defendant Zulily LLC, asserting that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).

Having reviewed Plaintiff's complaint, the Court was not persuaded that Plaintiff has adequately alleged the necessary facts to establish the existence of subject matter jurisdiction. Accordingly, on December 12, 2023, the Court ordered Plaintiff to "**SHOW CAUSE**, in writing, on or before December 19, 2023, why this case should not be dismissed for lack of subject matter jurisdiction." (ECF No. 5).

Plaintiff responded to the show cause order on December 18, 2023, (ECF No. 6) clarifying the membership of its LLC. However, Plaintiff did not sufficiently allege the membership of Defendant's LLC. As such, the Court ordered Defendant to "file a jurisdictional statement that identifies the name and citizenship of each member (and any sub-members) of the Defendant LLC"

1

"**no later than January 10, 2024**." (ECF No. 11). Defendant did not respond or file a jurisdictional statement. However, on January 10, 2024, Plaintiff filed its own Jurisdictional Statement. (ECF No. 13). In its statement, Plaintiff could still not state the membership of Defendant's LLC, citing the practical difficulties of determining the membership of LLCs. (*Id.*) Plaintiff thus requested that the Court allow jurisdictional discovery to obtain the required information. (*Id.* at 2).

On January 23, the Court issued an order granting Plaintiff's Request for Jurisdictional Discovery. (ECF No.14) There, the Court ordered "that jurisdictional discovery must be completed **by February 21, 2024.**" (*Id.* at 2).

On February 20, 2024, Plaintiff filed its Amended Jurisdictional Statement containing the results of its jurisdictional discovery. (ECF No. 15). However, this Court finds that Plaintiff's Amended Jurisdictional statement still does not sufficiently allege the citizenship of Defendant's LLC.

For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation." *Homfeld II, LLC v. Comtair Holdings, Inc.*, 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009). That is because "LLCs are not corporations, and different pleading rules apply when these entities are parties to a diversity suit." *Akno 1010 Mkt. St. St. Louis, Missouri, LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. Aug. 8, 2022). Thus, "[a]lleging that an LLC is organized under the laws of a certain state," or has its principal place of business in a certain state, "does nothing to establish its citizenship. Rather, LLCs have the citizenships of their members *and sub-members*." *Id.* (emphasis added). "Thus, when an LLC is a party in a diversity action, the court must know the citizenship *of each member and sub-member*." *Id.* (emphasis added).

In its Amended Jurisdictional Statement, Plaintiff names the two members of the Defendant's LLC, and one sub-member, but fails to show that sub-member is the *only* sub-member of the Defendant's LLC. This is insufficient. As stated above, the Court must know the citizenship of *each* member *and sub-member*. Absent any showing that Plaintiff has named each and every member and sub-member, it appears this Court lacks subject matter jurisdiction in this case.

Accordingly, the Court **ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**.

IT IS SO ORDERED.

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated:  March 1, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 1, 2024, by electronic and/or ordinary mail.

                                                s/Jennifer McCoy
                                                Case Manager